IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, National Council of HUD Locals Council 222, AFL-CIO, 451 7th St. SW, Washington D.C. 20410 Washington, DC 20410, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-01934 |
| FEDERAL SERVICE IMPASSES PANEL, 1400 K Street NW, Washington, D.C. 20424; | ) ) ) ) | |
| and | ) ) | |
| MARK ANTHONY CARTER, In his official capacity as Chairman of the Federal Service Impasses Panel, 1400 K Street NW, Washington, D.C. 20424; | ) ) ) ) ) | |
| and | ) ) | |
| FEDERAL LABOR RELATIONS AUTHORITY 1400 K Street NW, Washington, D.C. 20424; | ) ) ) ) | |
| Defendants. | ) ) | |

## **COMPLAINT**

### INTRODUCTION

The American Federation of Government Employees, National Council of HUD Locals,

Council 222, AFL-CIO ("Council 222") challenges, as improperly issued, the decision of the

Federal Service Impasses Panel ("Panel") in *Department of Housing and Urban Development*

1

*and AFGE, Council of HUD Locals 222*, 20 FSIP 065, (August 12, 2020) ("*HUD and Council 222 Term Agreement*"). A copy of the Panel's decision accompanies this complaint.

The Federal Service Labor-Management Relations Statute, 5 U.S.C. Chapter 71, (the "Statute") establishes the Federal Service Impasses Panel ("Panel"). 5 U.S.C. § 7119. The Panel is empowered, broadly speaking, to resolve negotiation impasses that may arise between an agency and a labor organization engaged in collective bargaining - so long as the Panel does not take any action inconsistent with the Statute. 5 U.S.C. § 7119(c)(5)(B)(iii). The Panel may hold hearings, administer oaths, take testimony or depositions, and issue subpoenas.  5 U.S.C. § 7119(c)(5)(B).

In this case, the Panel issued its decision in *HUD and Council 222 Term Agreement* on August 12, 2020. All of the Panel's actions, including the issuance *of HUD and Council 222 Term Agreement*, are void because each member of the Panel was appointed in violation of the Appointments Clause of the United States Constitution. U.S. Const. art. II, § 2, cl. 2.  Panel members exercise significant authority pursuant to the laws of the United States, inasmuch as they issue final and binding decisions, are not subject to direct supervision, and have the power to hold hearings, take testimony, and issue subpoenas.  Panel members are therefore principal officers of the United States.

The Appointments Clause requires that principal officers of the United States be appointed "by and with the Advice and Consent of the Senate." U.S. Const. art. II, § 2, cl. 2. Neither the chairman nor any of the other Panel members presiding over the proceedings that resulted in the final decision in *HUD and Council 222 Term Agreement* were appointed by and with the advice and consent of the United States Senate.

2

Consequently, the Panel was not constitutionally appointed and its actions, including its assertion of jurisdiction over the matters in *HUD and Council 222 Term Agreement* and its issuance of a decision in *HUD and Council 222 Term Agreement*, violated the Appointments clause of the United States Constitution.  The Panel's decision should therefore be declared void and vacated.

I.      JURISDICTION

1.   This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

2.   AFGE seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

II.     VENUE

3.   Pursuant to 28 U.S.C. § 1391(e)(1), the District of Columbia is a proper venue for this action because Plaintiff has its headquarters here and because Defendants are also headquartered here.

III.    PARTIES

4.   Council 222 is a labor organization and unincorporated association located at 451 7th St. SW, Washington, D.C. 20410. The Council represents HUD employees, excluding all management officials, supervisors, and employees described in 5 U.S.C. §§ 7112(b)(2), (3), (4), (6), and (7).

5.   Council 222 is affiliated with the American Federation of Government Employees, AFL-CIO.

6.   Defendant Federal Labor Relations Authority ("Authority") is a federal agency whose headquarters are located at 1400 K Street NW, Washington, D.C. 20424.

7.   Defendant Federal Service Impasses Panel is an independent entity within the FLRA whose headquarters are located at 1400 K Street NW, Washington, D.C. 20424.

8.  Defendant Mark Anthony Carter is the Chairman of the Panel. He is sued solely in his official capacity.

IV.   THE FEDERAL SERVICE LABOR-MANAGEMENT RELATIONS STATUTE

9.  The Statute creates the Authority.  5 U.S.C. § 7104.

10. The Statute also creates the Panel and charges it with providing assistance in resolving negotiation impasses between agencies and exclusive representatives.  5 U.S.C. § 7119(c)(1).

11. 5 U.S.C § 7119(c)(2) mandates that the Panel be composed of a Chairman and at least six other members, and provides that Panel members and the Chairman "shall be appointed by the President."

12. 5 U.S.C § 7119(c)(1) provides that either agencies or exclusive representatives may seek assistance in resolving a bargaining dispute with the Panel.

13. The President may unilaterally remove any member of the Panel.  5 U.S.C. § 7119 (c)(3).

14. The Panel exercises significant authority and discretion, pursuant to the laws of the United States, in resolving impasses that arise between an agency and a labor organization engaged in collective bargaining.

15. Specifically, 5 U.S.C. § 7119(c)(5)(B) authorizes the Panel to: (1) hold hearings; (ii) administer oaths, take the testimony or deposition of any person under oath, and issue subpoenas; and (iii) take whatever action is necessary and not inconsistent with this chapter to resolve the impasse.

16. 5 U.S.C § 7119(c)(5)(C) makes any final action taken by the Panel binding on the agency and labor organization, "unless the parties agree otherwise."

17. Panel decisions are final and unreviewable. *Council of Prison Locals v. Brewer, et al.*, 735 F.2d 1497 (D.C. Cir. 1984).

V.   <u>FACTS</u>

18. The Department of Housing and Urban Development ("HUD") is a federal agency subject to the Statute.

19. Council 222 and HUD have a longstanding and continuing collective bargaining relationship that also falls under the Statute.

20. Council 222 and HUD are parties to a term collective bargaining agreement that expired on or about July 23, 2018, subject to a rollover provision.

21. On or about May 21, 2018, HUD notified Council 222 that it wished to negotiate a new, successor term collective bargaining agreement.

22. On or about June 19, 2018, Council 222 and HUD began bargaining, over a "ground rules" agreement that would govern the parties' negotiations for a term agreement.

23. On or about July 30, 2018, HUD asserted that the parties had reached an impasse in their ground rules negotiations.

24. On or about July 30, 2018, HUD submitted a request for Panel assistance with the parties' ground rules negotiations.

25. Despite Council 222's objection, the Panel asserted jurisdiction over the purported impasse on November 15, 2018.

26. On February 14, 2019, the Panel issued a decision in *Department of Housing and Urban Development and AFGE, Council of HUD Locals 222*, 18 FSIP 075*, (HUD and Councill 222 Ground Rules)* whereby it imposed ground rules for Council 222's and HUD's negotiations over a successor term collective bargaining agreement.

27. The Panel imposed terms with respect to eight articles of the ground rules; seven of the eight articles imposed by the Panel were either HUD's proposals or a modified version of HUD's proposals.

28. In accordance with the Panel's imposed ground rules, the parties began negotiations on their successor term agreement in March of 2019.

29. On January 10, 2020, HUD declared that the parties were at impasse on their term negotiations and requested the Panel's assistance.

30. The Panel declined HUD's January 10, 2020, request for assistance, and directed the parties to submit to mediation with the Federal Mediation and Conciliation Service.

31. After the conclusion of mediation, the Panel declared the parties at impasse as of February 28, 2020.

32. An April 23, 2020, resolution conference before Panel member Andrea Newman was unsuccessful.

33. On June 5, 2020, the parties submitted statements of position to the Panel regarding the eleven articles of their term agreement that remained unresolved.

34. On June 19, 2020, the parties submitted rebuttal statements to the Panel.

35. On July 2, 2020, Council 222 requested that the Panel stay any decision on the parties' term bargaining dispute pending this Court's decision in *American Federation of Government Employees v. Federal Service Impasses Panel et al.*, 19-cv-01934.

36. On August 12, 2020, the Panel issued its decision in *HUD and Council 222 Term Agreement*, whereby it imposed a term bargaining agreement on Council 222.

37. The decision in *HUD and Council 222 Term Agreement* injured Council 222.

38. The decision in *HUD and Council 222 Term Agreement* imposed numerous terms on Council 222 that will injure Council 222.

39. Among the terms imposed by *HUD and Council 222 Term Agreement*, the Panel imposed a reduction in the amount of official time that Council 222 may receive from HUD, and an individual cap on the amount of official time that Council 222 officers may use.

40. The Panel's imposed reduction of official time and cap on official time will impair Council 222's ability to perform its statutory function to represent employees.

41. The Panel's imposed reduction of official time and cap on official time will result in Council 222 incurring additional expense to perform its statutorily required representation functions.

42. The Panel also imposed terms that will reduce the amount of office space Council 222 is entitled to at HUD locations. This will result in Council 222 incurring additional operating expense and will impair Council 222's ability to represent bargaining unit employees.

43. The Panel further imposed terms restricting Council 222's ability to use official time for grievance preparation.

44. The Panel's restriction of Council 222's ability to use official time for grievance preparation will impair Council 222's ability to perform its statutory function to represent employees and result in Council 222 incurring additional expense to fulfill its duties.

45. Each term imposed by the Panel in *HUD and Council 222 Term Agreement* injures Council 222.

46. The Panel's actions in *HUD and Council 222 Term Agreement* are void because each member of the Panel was appointed in violation of the Appointments Clause of the United States Constitution. U.S. Const. art. II, § 2, cl. 2.

47. Panel members exercise significant authority pursuant to the laws of the United States, inasmuch as they issue final and binding decisions, are not subject to direct supervision, and have the power to hold hearings, take testimony, and issue subpoenas.

48. Panel members are therefore principal officers of the United States.

49. The Appointments Clause requires that principal officers of the United States be appointed "by and with the Advice and Consent of the Senate." U.S. Const. art. II, § 2, cl. 2.

50. Neither the chairman nor any of the other Panel members presiding over proceedings that resulted in the final decision in *HUD and Council 222 Term Agreement*, were appointed by and with the advice and consent of the United States Senate.

51. Consequently, the Panel was not constitutionally appointed and its actions, including its assertion of jurisdiction over the matters in *HUD and Council 222 Term Agreement* and its issuance of a decision in *HUD and Council 222 Term Agreement*, violated the Appointments clause of the United States Constitution. The Panel's decision should therefore be declared void and vacated.

VI.    Related Proceeding

52.  Council 222 currently has a pending challenge to the Panel's authority to issue the decision in *HUD and Councill 222 Ground Rules* in a complaint before this Court that was filed on June 27, 2019. See Case No. 19-cv-1934, ECF No. 1.

53. Council 222's June 27, 2019, complaint was amended on August 27, 2019, to include a claim based on the Appointments Clause of the United States Constitution. See Case No. 19-cv-1934, ECF No. 14.

54. The Panel and Authority filed a motion to dismiss Council 222's August 27, 2019, amended complaint on October 11, 2019, arguing that this Court did not have jurisdiction to hear Council 222's claims. See Case No. 19-cv-1934, ECF No. 20.

55. On June 22, 2020, the Court denied the motion to dismiss and ordered the parties to complete briefing on Council 222's motion for summary judgment. See June 22, 2020, Minute Order in Case No. 19-cv-1934.

56. As of this filing, resolution of Council 222's motion for summary judgment on its August 27, 2019, amended complaint, is still pending.

## **COUNT I**

*Violation of the Appointments Clause of the United States Constitution*

57. Council 222 realleges and incorporates by reference the allegations contained in paragraphs 1 through 56.

58. "The Appointments Clause prescribes the exclusive means of appointing 'Officers." *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2051 (2018).

59. Pursuant to the Appointments Clause, the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint" all principal officers of the United States. U.S. Const. art. II, § 2, cl. 2.

60. Anyone "exercising significant authority pursuant to the laws of the United States is an 'Officer of the United States' and must, therefore, be appointed in the manner prescribed by" the Appointments Clause. *Buckley v. Valeo*, 424 U.S. 1, 126 (1976).

61. The Panel exercises significant authority pursuant to the laws of the United States, inasmuch as the Statute provides it discretion in resolving impasses that arise between an agency and labor organization, and renders any final decision taken by the Panel binding. 5 U.S.C. § 7119(c).

62. The Panel is not subject to supervision and has the authority to hold hearings, take testimony, and issue subpoenas. 5 U.S.C. § 7119(c)(5)(B).

63. A final decision by the Panel is not directly reviewable by any administrative agency.

64. Consequently, the Panel exercises significant authority that is reserved by the Appointments Clause to principal officers of the United States.

65. Panel members are therefore principal officers of the United States.

66. When the Panel asserted jurisdiction over *HUD and Council 222 Term Agreement*, and when it issued its final and binding decision in *HUD and Council 222 Term Agreement*, none of its members had been appointed by and with the advice and consent of the United States Senate.

67. Therefore, the Panel's assertion of jurisdiction in *HUD and Council 222 Term Agreement* and any proceedings related to *HUD and Council 222 Term Agreement* were in violation of the Appointments Clause and must be vacated.

68. Moreover, because the decision *in HUD and Council 222 Term Agreement* was issued in violation of the Appointments Clause of the United States Constitution, it is void and must be vacated.

## **RELIEF REQUESTED**

AFGE respectfully requests that this Court enter an **ORDER:**

(1) Vacating the Panel's decision in *HUD and Council 222 Term Agreement* in its entirety*; and*

(2) Declaring the Panel's assertion of jurisdiction over the matters at issue in *HUD and Council 222 Term Agreement* be void in violation of the Appointments Clause of the United States Constitution; and

(3) Declaring that the Panel may not exercise its powers absent members who have been appointed "by and with the Advice and Consent of the Senate," as required by the Appointments Clause of the United States Constitution; and

(4) Granting Plaintiff's attorney fees and costs; and

(5) Granting such other relief as this Court deems necessary and proper.


Respectfully Submitted,


/s/ Rushab Sanghvi
Rushab Sanghvi
Associate General Counsel
D.C. Bar No. 1012814
AFGE Office of General Counsel

80 F Street NW
Washington, DC 20001
Tel: (202) 639-6424
Fax: (202) 379-2928
Email: sanghr@afge.org

/s/ Andres M. Grajales
Andres M. Grajales
Deputy General Counsel
D.C. Bar No. 476894
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:    (202) 639-6426
Fax.:    (202) 379-2928
Email: Grajaa@afge.org

/s/ Mark L. Vinson
Mark L. Vinson
Assistant General Counsel
D.C. Bar No. 478175
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:    (202) 639-6426
Fax.:    (202) 379-2928
Email: vinsom@afge.org

Attorneys for AFGE