UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN FEDERATION OF )
GOVERNMENT EMPLOYEES, )
*National Council of HUD Locals Council* )
*222, AFL-CIO*, )
 )
) Civil Case No. 20-2683 (RJL)
**Plaintiff,** )
 )
v. )
 )
**FEDERAL SERVICE IMPASSES** )
**PANEL, et al.,** )
 )
**Defendants.** )

MEMORANDUM OPINION
(March 14, 2022) [Dkt. #19]

Plaintiff American Federation of Government Employees, National Council of HUD Locals Council 222, AFL-CIO ("Council 222") is a public-sector union that represents employees of the U.S. Department of Housing and Urban Development ("HUD"). After a breakdown in negotiations between Council 222 and HUD over a new collective bargaining agreement ("CBA"), the Federal Service Impasses Panel ("Panel")—a federal entity that assists agencies and federal-employee unions facing negotiation impasses—declared that the parties were at an impasse. The Panel resolved the disputed terms by written decision. Council 222 then filed suit in this Court against the Panel, the Federal Labor Relations Authority ("Authority"), and the Chairman of the Panel (collectively, "defendants"), arguing that the Panel's members were appointed in violation of the Appointments Clause of the U.S. Constitution. *See* Complaint ("Compl.") [Dkt. #2]. Defendants and intervenor-defendant HUD now move to dismiss for lack of subject-matter

1

jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Defs.' Mot. to Dismiss ("MTD") [Dkt. #19].

Because this Court lacks subject-matter jurisdiction over Council 222's claim under applicable precedent from our Circuit, the Motion to Dismiss is GRANTED.

## BACKGROUND

### A. Legal Background

The Federal Service Labor-Management Relations Statute ("Statute"), 5 U.S.C. §§ 7101 *et seq.*, enacted under Title VII of the Civil Service Reform Act of 1978, governs labor relations between public-sector unions and federal agencies. Congress tasked the Federal Labor Relations Authority with administering the statute. 5 U.S.C. §§ 7104–7105. Among other actions, the Authority shall "resolve[] issues relating to the duty to bargain in good faith" under the Statute and "conduct hearings and resolve complaints of unfair labor practices." *Id.* § 7105(a)(2)(E), (G). The Federal Service Impasses Panel is an "entity within the Authority, the function of which is to provide assistance in resolving negotiation impasses between agencies" and unions representing federal employees. *Id.* § 7119(c)(1). The Panel's "final action[s]" are "binding" on the parties unless they "agree otherwise." *Id.* § 7119(c)(5)(C).

Under the statutory "scheme of administrative and judicial review," *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump ("AFGE v. Trump")*, 929 F.3d 748, 752 (D.C. Cir. 2019), a Panel decision can be reviewed by the Authority in two ways. *First*, the General Counsel of the Authority may "investigate" and "file and prosecute [a] complaint[]" if a union or an agency commits an unfair labor practice. 5 U.S.C. §§ 7104(f)(2), 7118(a). Under the

Statute, failure or refusal to cooperate with the Panel or refusal to comply with the Panel's decisions (among other actions) constitutes an unfair labor practice. *Id.* § 7116. *Second*, a party may submit a claim alleging an unfair labor practice to an arbitrator, whose decision is subject to the Authority's review. *Id.* § 7122(a). Either way, the Authority's final order is reviewable by a court of appeals. *Id.* § 7123.

### B. Factual and Procedural Background

Since June 2018, Council 222 and HUD have been bargaining over a successor CBA. Compl. ¶ 22. HUD first requested the Panel's assistance in resolving an initial impasse in negotiations over a "ground rules" agreement that would govern the parties' subsequent CBA negotiations. Compl. ¶¶ 23–24. After the Panel issued a decision imposing ground rules, Council 222 challenged the decision by filing suit in this Court against the same defendants as here. *See* Compl., *Am. Fed'n of Gov't Emps. v. Fed. Serv. Impasses Panel ("AFGE v. FSIP I")*, 2020 WL 6709775, Case No. 19-cv-1934 [Dkt. #1]. In this first suit, Council 222 asserted an Appointments Clause challenge, as well as two additional counts: *ultra vires* action and violation of the Administrative Procedure Act because the Panel issued an order without seven members. *See* Second Am. Compl., *AFGE v. FSIP I* [Dkt. #14]. Because the parties continued to negotiate while the suit was pending and Council 222 voluntarily complied with the ground rules imposed by the Panel, this Court dismissed that action as moot in November 2020. *See* Mem. Op., *AFGE v. FSIP I* [Dkt. #51].

HUD again requested the Panel's assistance when the parties reached an impasse in their CBA negotiations. Compl. ¶ 29. After mediation failed, the Panel declared an

3

impasse and issued a second decision, *HUD and Council 222 Term Agreement* (the "CBA Decision"), on August 12, 2020, resolving the remaining disputed terms. *See* Compl. ¶¶ 30–36.

On September 21, 2020, Council 222 filed this suit against the defendants, claiming that the CBA decision is void because the Panel's members were improperly appointed. *See generally* Compl. Council 222 seeks declaratory and injunctive relief (1) vacating the Panel's decision in *HUD and Council 222 Term Agreement* and declaring void the Panel's assertion of jurisdiction over the issues in that decision; and (2) declaring that the Panel may not act without members who have been properly appointed. *Id.* HUD successfully intervened. *See* Minute Order of Dec. 7, 2020 (granting Mot. to Intervene [Dkt. #11]). Nearly three months after filing its Complaint, Council 222 moved for preliminary relief (1) "enjoin[ing] the Panel's decision in *HUD and Council 222 Term [Agreement]* from being implemented," and (2) "enjoin[ing] the Panel from exercising its powers until its members have been" properly appointed under the Appointments Clause. *See* Pl.'s Mot. for Prelim. Inj. [Dkt. #12] at 26. Council 222 later withdrew its preliminary injunction motion. *See* Pl.'s Notice of Withdrawal of Mot. for Prelim. Inj. [Dkt. #16].

Defendants and intervenor-defendant HUD now move to dismiss Council 222's Complaint for lack of subject-matter jurisdiction under Rule 12(b)(1). *See* MTD.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4

Under Federal Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[B]ecause subject-matter jurisdiction is an Article III as well as a statutory requirement[,] ... no action of the parties can confer subject-matter jurisdiction upon a federal court." *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (internal quotation marks omitted).

## ANALYSIS

Defendants and intervenor-defendant contend that "[s]traightforward application of [D.C. Circuit] precedent compels dismissal of [Council 222]'s constitutional challenge to the Panel decision resolving its negotiation impasse with HUD." MTD at 2. In their view, the challenge impermissibly seeks direct review of a Panel decision. *See id.*; *see also id.* at 11–16. Council 222 disagrees, contending that subject-matter jurisdiction exists because its claim "does 'not entail reviewing a decision of the Panel.'" Pl.'s Opp. to Mot. to Dismiss ("Opp.") [Dkt. #25] at 1 (quoting *Nat'l Air Traffic Controllers Ass'n v. Fed. Serv. Impasses Panel ("NATCA II")*, 606 F.3d 780, 787 (D.C. Cir. 2010)); *see also id.* at 5–8. Unfortunately for plaintiff, precedent from our Circuit—as two recent opinions by my colleagues also have concluded—supports defendants' position. *See generally* Mem. Op., *Nat'l Veterans Affairs Council v. Fed. Serv. Impasses Panel ("NVAC")*, 2021 WL 5936407, Case No. 20-cv-837 [Dkt. #38] (filed Feb. 10, 2021) (J. Nichols); Mem. Op., *Ass'n of Admin. L. Judges v. Fed. Serv. Impasses Panel ("AALJ")*, 2021 WL 1999547, Case No. 20-cv-1026 [Dkt. #52] (filed May 19, 2021) (J. Jackson). How so?

Our Circuit has held repeatedly that Panel orders "are not directly reviewable in

5

court." *Antilles Consol. Educ. Ass'n v. FLRA*, 977 F.3d 10, 14 (D.C. Cir. 2020); *see also Nat'l Air Traffic Controllers Ass'n AFL-CIO v. Fed. Serv. Impasses Panel ("NATCA I")*, 437 F.3d 1256, 1258 (D.C. Cir. 2006) ("[D]ecisions of the [Panel] generally are not subject to direct judicial review."); *Council of Prison Locs. v. Brewer*, 735 F.2d 1497, 1498 (D.C. Cir. 1984) ("Congress precluded direct judicial review of Panel orders."). Generally, to obtain judicial review, a union or other "aggrieved party may obtain judicial review by violating a Panel order and then seeking review of any ensuing FLRA order finding an unfair labor practice." *Antilles*, 977 F.3d at 14 (citing 5 U.S.C. § 7123(a); *Brewer*, 735 F.2d at 1500).

Courts distinguish unreviewable challenges to Panel decisions from other permissible suits against the Panel. On the one hand, our Circuit has held that this Court lacked jurisdiction to review a challenge to a Panel decision declining to exercise jurisdiction over bargaining impasses. *NATCA I*, 437 F.3d at 1258. The Circuit explained that the unions sought declaratory and injunctive relief from a Panel decision, but failed to demonstrate that their challenge fell within an "extremely limited exception"—one not raised here—"to the nonreviewability of [Panel] orders." *Id.* at 1258, 1262. On the other hand, subject-matter jurisdiction exists where a union "does not seek review of a[] [Panel] decision." *NATCA II*, 606 F.3d at 787–88. In a subsequent suit by one of the *NATCA I* unions, our Circuit concluded that this Court had jurisdiction over a claim seeking "declaratory relief as to an ongoing policy" of the Panel to refuse to exercise its mandatory statutory jurisdiction over negotiation impasses between unions and the agency. *Id.* at 786 n.\*. Unlike in *NATCA I*, the union's complaint did "not ask the court to review" "decisions

6

of the [Panel] ... declining jurisdiction over the impasse." *Id.* at 787. In fact, "[t]he specific impasse that prompted the [u]nion to seek assistance from the [Panel]" had been resolved, such that the Panel "did not reach, let alone answer, the question whether it has jurisdiction over impasses between the [Federal Aviation Authority] and the [u]nion." *Id.* at 786–87. In short, to determine whether a suit is an unreviewable challenge to a Panel decision, "courts focus on the relief sought in the complaint, and in particular whether it 'identifies' or would 'reverse' a 'specific decision of the Panel.'" *NVAC* at 6 (quoting *NATCA II*, 606 F.3d at 787).

Not surprisingly, defendants and intervenor-defendant invoke *Brewer* and *NATCA I* in support of their motion to dismiss, arguing that Council 222 "challenges a specific Panel decision ... as the action it seeks to reverse." MTD at 16. Plaintiff responds that its claims "are not premised on the substance of the Panel's decision" and that it "is not seeking review of any Panel decision." Opp. at 1–2, 5. Because Council 222 does not seek review of a Panel decision, it contends, its suit is permissible under *NATCA II*. Unfortunately for the plaintiff, its response is unpersuasive!

Unlike the union in *NATCA II*, Council 222 challenges—from the first sentence of its Complaint—a specific decision, *HUD and Council 222 Term Agreement*, by the Panel. *Compare* Compl. at 1 ("challeng[ing]" a decision of the Panel and attaching a copy of that decision to the Complaint) *with NATCA II*, 606 F.3d at 787 (the "complaint ... identifie[d] no specific decision of the [Panel]"). Council 222 further alleges that it is harmed by this decision and each of its terms. *See* Compl. ¶ 45 ("Each term imposed by the Panel in *HUD and Council 222 Term Agreement* injures Council 222."); *id.* ¶¶ 37–45 (identifying specific

7

harm caused by the imposed terms). In *NATCA II*, the union did not allege injury by a specific Panel decision; indeed, no specific Panel decision on the relevant question existed. *NATCA II*, 606 F.3d at 786–87.

And, as in *NATCA I*, Council 222 seeks declaratory and injunctive relief from the allegedly invalid Panel decision—relief which would protect Council 222 from the claimed harms. *See* Compl. at 11 (requesting that the Court "[v]acat[e] the Panel's decision in *HUD and Council 222 Term Agreement* in its entirety"); *id.* at 3 ("The Panel's decision should therefore be declared void and vacated."); *see also NATCA I*, 437 F.3d at 1258 (plaintiffs "sought a declaration that the Panel's decisions violated its mandatory statutory duties"); Compl., *NATCA I*, Case No. 1:04-cv-00138, Dkt. #1 at 1 ("seeking declaratory and injunctive relief to remedy the January 9, 2004 decisions of the [Panel]"). In other words, if this Court asserted jurisdiction and afforded the relief sought by Council 222, it would void a specific decision that the Panel issued just five weeks prior to Council 222's filing of this suit. This is a far cry from the posture of *NATCA II*, where no specific decision of the Panel was at issue and the parties did not request that the Court void a Panel decision. *See NVAC* at 9 ("Because the Union challenges specific Panel decisions, '[t]here can be no doubt' that this Court 'lacks jurisdiction to review' its claims in the first instance." (quoting *NATCA II*, 606 F.3d at 787)); *see also AALJ* at 15 n.8 (noting that the union failed to distinguish *NATCA I* where the plaintiff "ultimately seeks the invalidation of the Panel's April 15, 2020 decision"). Because Council 222 seeks review of and relief from a Panel

8

decision, this Court lacks subject-matter jurisdiction over its claim.[1] *See NATCA II*, 606 F.3d at 787.

## CONCLUSION

For the foregoing reasons, this Court must dismiss this case for lack of subject-matter jurisdiction. The Motion to Dismiss [Dkt. #19] is hereby GRANTED. An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[1] Application of our Circuit's precedent is alone sufficient to dismiss Council 222's challenge to a Panel decision. As other recent decisions of this Court have concluded, the *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), analysis leads to the same result. *See NVAC* at 9; *AALJ* at 12. Under that "framework, courts determine that Congress intended that a litigant proceed exclusively through a statutory scheme of administrative and judicial review when (i) such intent is fairly discernible in the statutory scheme, and (ii) the litigant's claims are of the type Congress intended to be reviewed within [the] statutory scheme." *Jarkesy v. Sec. & Exch. Comm'n*, 803 F.3d 9, 15 (D.C. Cir. 2015) (internal quotation marks omitted). The parties do not dispute that the first prong is satisfied here. MTD at 18; Opp. at 8–21. On the second prong, "[a] claim will be found to fall outside the scope of a special statutory scheme in only limited circumstances, when (1) a finding of preclusion might foreclose all meaningful judicial review; (2) the claim is wholly collateral to the statutory review provisions; and (3) the claims are beyond the expertise of the agency." *Arch Coal, Inc. v. Acosta*, 888 F.3d 493, 500 (D.C. Cir. 2018).
I agree with defendants and intervenor-defendant that all three factors weigh in favor of concluding that Council 222's claim is "of the type Congress intended to be reviewed within [the] statutory structure." *Thunder Basin*, 510 U.S. at 212. *First*, a finding of preclusion does not foreclose "all meaningful judicial review." Under the Statute, decisions of the Panel are reviewable by the Authority and, subsequently, by a court of appeals. *See Brewer*, 735 F.2d at 1500. Because "failure to comply with any final action ordered by the Panel constitutes an unfair labor practice," *id.* at 1500, Council 222 may refuse to cooperate with the decisions issued by the Panel to obtain review by the Authority and a court of appeals. *NVAC* at 16. *Second*, Council 222's claim is not "wholly collateral" to the statutory review scheme. Its "constitutional ... claim[] do[es] not arise 'outside' the" administrative scheme, but rather "arise[s] from actions the [Panel] took in the course of that scheme." *Jarkesy*, 803 F.3d at 23. Indeed, the claim is "the 'vehicle by which' [Council 222] seeks to prevail in [its] administrative proceeding." *Id.* (quoting *Elgin v. Dep't of Treasury*, 567 U.S. 1, 22 (2012)); *see also AALJ* at 14–15. *Third*, Council 222's claim does not lie "beyond the expertise of the agency." Under our Circuit's precedent, a court must ask "whether agency expertise may be 'brought to bear on' the claims"—"not whether the expertise is essential." *AFGE v. Trump*, 929 F.3d at 760 (quoting *Jarkesy*, 803 F.3d at 29). Here, for example, defendants' interpretation of the Statute may be relevant to determining the scope of the Authority's supervision over the Panel—an inquiry at the core of the Appointments Clause challenge. *See NVAC* at 19; *AALJ* at 16. Council 222's suit therefore must be dismissed for this reason as well.